SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey  07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
*Attorneys for Defendant*
*Citibank, N.A.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUNGRAT EAMTRAKUL and PREMIER BROWNSTONES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIBANK, N.A. <br><br> Defendant. | Civil Action No. <br><br><br> **NOTICE OF REMOVAL** <br><br><br><br> Document Filed Electronically |

   Defendant Citibank, N.A. ("Citibank"), by filing this Notice of Removal and related papers, hereby removes the above-captioned action from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.  In support of removal, Citibank states:

   1. Plaintiffs Doungrat Eamtrakul ("Eamtrakul") and Premier Brownstones, LLC ("Premier Brownstones", and collectively with Eamtrakul, "Plaintiffs") filed the above-captioned action on or about July 22, 2016, in the Supreme Court of New York, New York County, which was assigned Index No. 653962/2016.  Citibank was served with the complaint on August 16, 2016.  A true and correct copy of the Summons and Complaint, with acknowledgment of service,

is attached hereto as Exhibit A.  No further proceedings have occurred in the Supreme Court of New York County, New York with regard to this action.

2. The Supreme Court of New York, New York County is located within the Southern District of New York, therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).21

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Complaint includes a claim arising under the laws of the United States.  Specifically, Count Three of the Complaint (Slander of Credit) alleges that Plaintiffs' credit standing has been damaged as a result of the "circumstances surrounding the overcharges and dishonored checks associated with the [Citibank] Account."  Complaint ¶ 45.  The Complaint is not a model of clarity, but as best as Citibank can tell, Count Three alleges that Citibank reported erroneous credit information to certain consumer credit reporting agencies and thereby damaged Plaintiffs' credit.  Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, federal law preempts state law causes of action against "furnishers of information if those claims arise out of conduct regulated by 15 U.S.C. § 1681s-2.  Thus, Count Three of the Complaint arises under the Federal Credit Reporting Act 15 U.S.C. § 1681s-2.  This Court has supplemental jurisdiction over those claims in the Complaint that do not arise under the laws of the United States because all claims in the Complaint relate to the manner in which Citibank responded to allegedly fraudulent activity in Plaintiffs' account.  As such, all claims in the Complaint are so related to the claim over which this court has original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).

4. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on the citizenship of the parties.  Both Plaintiffs are citizens of the State of New

2

York for diversity jurisdiction purposes.  Plaintiff Eamtrakul is an individual residing at 210 West 122nd Street, Suite 1, New York, New York.  Upon information and belief, Plaintiff Premier Brownstones is a single-member LLC with Plaintiff Eamtrakul as its sole member.  *See* Verification of Complaint ("I am the owner of Premier Brownstones LLC").  For purposes of assessing diversity jurisdiction, an LLC is a citizen of every state of which its members are citizens.  *See Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

5.  Citibank is a national banking association with a charter address and main office located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.[1]  "[F]or purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located."  *Onewest Bank, N.A. v. Melina*, 2016 U.S. App. LEXIS 11862 (2d Cir. N.Y. June 29, 2016).  The Supreme Court has held unequivocally that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office—not in every state in which it has branch offices.  *Id.* (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006); *see also* 28 U.S.C. § 1348.  Thus, Citibank is a citizen of South Dakota.[2]

6.  Complete diversity of citizenship exists between Plaintiffs and Defendant, and removal is permissible because Citibank is not a citizen of New York.  28 U.S.C. § 1441(b)(2).

7.  For purposes of 28 U.S.C. § 1332, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  In Count One of the Complaint (Breach of

---

[1]  A description of Citibank, including its location in South Dakota, can be found on the Federal Deposit Insurance Corporation's website at https://research.fdic.gov/bankfind/detail.html?bank=7213&name=Citibank,NationalAssociation&searchName=CITIBANK,N.A.&searchFdic=&city=&state=&zip=&address=&searchWithin=&activeFlag=&tabId=1.

[2]  http://www.citigroup.com/citi/corporategovernance/data/citibankna_as.pdf?ieNocache=822 and http://www.citigroup.com/citi/investor/data/citibankna_bl.pdf.

Contract) Plaintiffs seek compensatory damages of $31,568.82 and punitive damages of $94,706.46 by reason of Citibank's alleged "willful, wanton and gross negligence." Complaint ¶ 41.[3]

8. Punitive damages can be used to satisfy the amount in controversy requirement where punitive damages are available as a matter of substantive law. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F. 2d 82, 87 (2d Cir. 1991). The jurisdictional determination is to be made on the basis of Plaintiffs' allegations, not on the merits of Plaintiffs' claims. *Zacharia v. Harbor Island Spa, Inc.*, 684 F. 2d 199, 202 (2d Cir. 1982). Here, Citibank vigorously disputes the merits of Plaintiffs' claims, but the Complaint alleges claims that if proven by clear and convincing evidence of the requisite state of mind, would arguably entitle Plaintiffs to punitive damages. *See Ross v. Louise Wise Serv., Inc.*, 8 N.Y.3d 481, 489 (2007) ("Punitive damages are permitted when the defendant's wrongdoing is not simply intentional but evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations.") Thus, the amount in controversy is satisfied because Plaintiffs are seeking damages in an amount that exceeds the statutory threshold.

9. This Notice of Removal is filed within 30 days after service of the Summons and Complaint on Citibank, and is therefore timely under 28 U.S.C. § 1446(b).

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Supreme Court of New York, New York County, and is also being served upon Plaintiffs.

---

[3] The Complaint also seeks $1,000,000 in punitive damages for "Slander of Credit" as a result of Citibank's alleged "wanton conduct". As the FCRA preempts this claim, Citibank respectfully submits that Plaintiffs' alleged damages in Count Three are not available as a matter of law, and therefore, do not count toward the $75,000 amount in controversy threshold.

4

11. Accordingly, pursuant to 28 U.S.C. §§ 1441 and 1446, the Action may be removed to this Court.

12. In filing this Notice of Removal, Citibank does not waive any defenses which may be available to it.

13. Citibank is represented by the undersigned counsel who certifies, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

WHEREFORE, Citibank, pursuant to 28 U.S.C. § 1441, removes this action in its entirety from the Supreme Court of New York, New York County, to this Court.

        SILLS CUMMIS & GROSS P.C.
        *Attorney for Defendant Citibank, N.A.*

        By: /s/ Gregory E. Reid
            GREGORY E. REID

Dated: Newark, New Jersey
       September 6, 2016

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system, a true and correct copy of which will be sent via FedEx overnight delivery to the following:

> Stephen J. Fraher (via FedEx and e-mail)
> Becker & Poliakoff, LLP
> 45 Broadway, 8th Floor
> New York, NY 10006
> *Attorneys for Plaintiffs*
> *Doungrat Eamtrakul and Premier Brownstones, LLC*
>
> Clerk
> Supreme Court of New York
> County of New York
> 60 Centre Street, Room 161
> New York, New York 10007

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ Gregory E. Reid<br>GREGORY E. REID

Dated: Newark, New Jersey
      September 6, 2016