# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------

DOUNGRAT EAMTRAKUL,

Index No.: 16-653962
E-Filed Case

Plaintiff,

CITIBANK, N.A.,

Defendant.

-------------------------------------------------------------------

IT IS HEREBY ACKNOWLEDGED AND AGREED, that the summons and complaint in this

action are accepted on behalf of the defendant by the undersigned effective as of August 16, 2016.

Dated: August 22, 2016

SILLS CUMMIS & GROSS P.C.

By: _____
Gregory E. Reid, Esq.

{N0121148 }

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
----------------------------------------------------------------------x

DOUNGRAT EAMTRAKUL and PREMIER BROWNSTONES, LLC,

Plaintiff/Petitioner,

- against -                                    Index No. 653962/2016

CITIBANK, N.A.

Defendant/Respondent.
----------------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: July 29, 2016

_Stephen J. Fraher_ (signature)

_____
Signature

Stephen J. Fraher
_____
Name

Becker & Poliakoff, LLP
_____
Firm Name

45 Broadway, 8th Floor
_____
Address

New York, NY 10006
_____

212-599-3322
_____
Phone

SFraher@BPLegal.com
_____
E-Mail

To:   Citibank, NA
_____

399 Park Avenue
_____

New York, NY
_____

9/3/15

Index  #                    Page 2  of 2                    EFM-1

FILED: NEW YORK COUNTY CLERK 07/22/2016 04:33 PM

NYSCEF DOC. NO. 1

INDEX NO. 653962/2016

RECEIVED NYSCEF: 07/28/2016

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

-------------------------------------------------------------------X

DOUNGRAT EAMTRAKUL and
PREMIER BROWNSTONES, LLC,

                    Plaintiffs,

      --vs--

CITIBANK, N.A.,

                 Defendant.

-------------------------------------------------------------------X

Date Filed: 7/22/16

Index No. 653962/2016

**SUMMONS**

Plaintiff Designates New
York County as the Place
of Trial

The basis of venue is
CPLR 503

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned to answer the complaint in this action and serve a copy of your
answer or, if the complaint is not served with this summons, to serve a Notice of Appearance,
upon plaintiffs attorneys within twenty (20) days after service of this Summons, exclusive of the
day of service (or within thirty (30) days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in the case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
      July 21, 2016

                    BECKER & POLIAKOFF, LLP
                    *Attorneys for Plaintiffs*

                    By: James J. Mahon
                    45 Broadway, 8th Floor
                    New York, N.Y. 10006
                    (212) 599-3322

{N0103993 }

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---------------------------------------------------------------X

DOUNGRAT EAMTRAKUL and
PREMIER BROWNSTONES, LLC,

                          Plaintiffs,

           --vs--

CITIBANK N.A.,

                          Defendant.

---------------------------------------------------------------X

Date Purchased: **7/22/16**

Index No. **653962/2016**

**VERIFIED COMPLAINT**

Plaintiff DOUNGRAT EAMTRAKUL and PREMIER BROWNSTONES, LLC, by their

counsel, Becker & Poliakoff, LLP, allege the following as and for its claim against

DefendantCitibank N.A.:

## THE PARTIES

1.     Plaintiff Doungrat Eamtrakul (hereinafter "Eamtrakul") is an individual residing

at 210 West 122nd Street, Suite 1, New York, New York. Plaintiff Premier Brownstones, LLC

(hereinafter, "PBLLC" or "Plaintiff"), a New York limited liability company with its principal

place of business in New York, is a real estate limited liability company which owns, develops

and invests in real property of various types.

2.      Upon information and belief, Defendant Citibank N.A. ("Citibank") is a federally chartered bank and held itself out to the Plaintiffs and the public as a banking institution. Citibank maintains multiple offices in New York City and throughout the metropolitan area.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant because Defendant is registered and authorized to do business in New York State and regularly does business in New York State. Furthermore, personal jurisdiction over Defendant and venue are proper pursuant to New York Civil Practice Law and Rules § 302(a) because Defendant transacts business within New York State, including New York County.

4.      Among the transactions conducted wholly or partially in New York County are the transactions which form the subject matter of this lawsuit.

5.      Upon information and belief, Defendant's corporate headquarters is located at 399 Park Avenue, New York, NY 10022. The Plaintiffs' banking business was conducted through representatives of Citibank at their 125th Street branch office.

## FACTS

6.      In or about January 22, 2014, Plaintiff Eamtrakul entered into a contract with Defendant Citibank to obtain banking and checking account services on behalf of Plaintiff PBLLC (the "Agreement").

7.     Defendant Citibank provided checking account services for Account Number 4984574493 (the "Account") beginning January 22, 2014 to March 14, 2016.

8.     The Account was opened at Citibank's branch office #36, located at 2251 First Avenue, at 116th Street, New York, New York 10038 and was maintained at all times in the State of New York.

9.     Plaintiffs' address at the time the Account was opened was 212 W. 122nd Street, Suite 1, New York, NY 10027. ("Old Address")

10.    In or about July 20, 2015, a written notice of change of address was provided to Citibank. The new address provided to Citibank was: 210 W. 122nd Street, Suite 1, New York, NY 10027.

11.    Between July and September 25, 2015, Citibank continued to mail the monthly statements for the Account to Plaintiffs' Old Address.

12.    On or about October 3, 2015, Plaintiff Eamtrakul received a statement for the Account which included transactions which occurred during August and September 2015. After reviewing the statement, that same day Eamtrakul called Citibank's toll free number to report the suspicious activity and went to the local Citibank branch and reported the discovery of fraudulent activity on the Account.

13.    Within a few days of October 3rd, another statement was received by Eamtrakul. This statement was for an earlier period covering the period July 25 to August 26, 2015. Again Eamtrakul reported in person that unauthorized activity had occurred in the Account.

14.    As a result of Eamtrakul's report, Citibank employees assigned two claim numbers in connection with this reported activity. The claim numbers provided to Eamtrakul by Citibank were: #113447151021 and #113534151021.

15.     At the same time Eamtrakul alerted Citibank of the suspicious activity in the Account, she was instructed to file a formal written claim with respect to the suspicious activity. Eamtrakul provided details of the activity with her letter dated October 31, 2015.

16.     In early November 2015, Eamtrakul received a statement for Account activity which occurred between 9/24/15 to 10/2715. In the November statement, there were items charged against the Account which were not Eamtrakul's or PBLLC's. In several instances the items charged against the Account were not checks with PBLLC's name embossed thereon, but of some other entity called "Queenwich Partners LLC". (See Exhibit 1 attached hereto)

17.     In numerous instances checks were not signed by an authorized signatory as Plaintiff Eamtrakul is and was the only authorized signatory on the Account. (See Exhibit 2 attached hereto).

18.     In several instances the checks charged against the Account were not signed by anyone at all. (See Exhibit 3 attached hereto).

19.     On or about November 5, 2015, Eamtrakul again notified the branch by telephone of unauthorized transactions and charges in her Account. Eamtrakul reviewed the statement in person with customer service representative Mr. Derrick Brown of Citibank's Harlem branch. Citibank assigned another claim number to this reported unauthorized activity in the Account. The claim number for this report assigned by Citibank was: #115361151203. Eamtrakul filed a formal written claim on November 13, 2015 with respect to these fraudulent transactions occurring with the Account.

20.     Defendant Citibank had an obligation to protect and preserve the money deposited in the Account and to transfer, release or withdraw funds deposited therein only pursuant to the authorization and direction of the Plaintiffs.

{N01157473 }                           4

21.     Beginning in or around August 10, 2015, the Defendant Citibank permitted, on numerous occasions, the unauthorized transfer, release and/or withdrawal of funds from the Account.

22.     The aforementioned transfers were the result of payment of various checks to payees who were not authorized by the authorized signatories of the Account.

23.     The aforementioned unauthorized transfers occurred through payment of checks without any verification or inquiry by the Defendant Citibank that said checks were endorsed properly or otherwise authorized.

24.     The aforementioned unauthorized transfers occurred through payment of checks many of which were not endorsed and some of which were not signed at all by the payor. These items (hereinafter "Forged Items") were accepted by Defendant Citibank without any objection that the items had been endorsed improperly or were otherwise unauthorized.

25.     On information and belief, employees of Citibank conspired with employees of PLS Check Cashers of New York, a check cashing company to process and approve the Forged Items.

26.     Plaintiff Bamtrakul was informed at the time that she reported the suspicious activity that a formal inquiry would be opened within Citibank and that a claim number had been assigned to the matter and that Citibank would  investigate the facts surrounding the occurrence.

27.     In or around October 31, 2015, Plaintiff Bamtrakul provided a written affidavit to Citibank at Citibank's request outlining in detail each of the fraudulent transactions. Citibank was required to either credit Plaintiffs' Account or deny Plaintiffs' claim listing the specific grounds for denial within ten (10) days of the notification.

28.     Although Eamtrakul took action to notify Citibank of the fraudulent transactions within a day of receiving the statement for the Account, Citibank delayed in taking action and therefore failed to prevent the occurrence of additional fraudulent transactions.

29.     Since Citibank was in receipt of information that should have constituted a reasonable belief that unauthorized transactions were occurring in the Account, the Defendant is strictly liable for all of the unauthorized transactions on the Account and was obligated to fully credit Plaintiffs' Account for each and every unauthorized transaction.

30.     By reason of Defendant Citibank's approval of unauthorized transfers from the Account, Defendant Citibank is required to credit the Account in the amount of $31,568.82 plus interest from the date of each of the unauthorized transfers.

31.     By reason of Defendant Citibank's approval of unauthorized transfers from the Account, Plaintiff Eamtrakul's properly issued checks were not honored, causing embarrassment, bank charges and grossly damaging her credit rating. Defendant Citibank is required to credit the Account in the amount of $31,568.82 plus interest from the date of each of the unauthorized transfers to restore overdraft charges which Citibank caused by permitting unauthorized charges to the Account.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

32.     The allegations in Paragraphs 1 through 31 of this Verified Complaint are reincorporated by reference in this paragraph as if fully restated herein.

33.     When the Plaintiffs opened the Account, Citibank promised to pay checks presented to it for payment only after taking reasonable measures to verify the validity of those items.

34.     When Citibank allowed payment of items which were unsigned by an authorized signatory, Citibank violated the Agreement resulting in a breach.

35.     When Citibank allowed the payment of items without signatures of a payor, Citibank violated the Agreement and was in breach of the Agreement.

36.     As a direct result of those breaches, Defendant owes Plaintiffs $31,568.82 for restoration of unauthorized transfers from her Account.

37.     As a consequence of the series of acts in breach of the Agreement, Defendant owes Plaintiffs $31,568.82 plus interest and charges resulting from the improper operation of the Account.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligence)

38.     The allegations in Paragraphs 1 through 37 of this Verified Complaint are reincorporated by reference in this paragraph as if fully restated herein.

39.     Under the provisions of Uniform Commercial Code Section 4-401(1) Citibank was obligated to exercise reasonable commercial standards in verifying signatures on checks presented to it for payment. Defendant Citibank was grossly negligent in failing to exercise even minimal standards with respect to transactions involving the Account.

40.     Defendant Citibank and its agents, assignees and employees were negligent in the following respects: a) in failing to properly inspect the various items presented for payment; b) in failing to verify that the items presented for payment were signed by an authorized signatory; c) in failing to monitor the Account once notified of suspicious activity by the Plaintiff; d) in failing to timely recognize what was an obvious fraud; and e) in failing to take prompt action to prevent further fraudulent activity.

{N0115747 3 }                                7

41.    Moreover, by the careless manner in which Citibank conducts its business, all depositors who entrust their funds to Citibank are, unknown to them, put at risk of suffering fraud without any means of recourse. By reason of these acts of willful, wanton and gross negligence Plaintiffs demand compensatory damages of $31,568.82 and punitive damages of $94,706.46.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Slander of Credit)

42. The allegations in Paragraphs 1 through 41 of this Verified Complaint are reincorporated by reference in this paragraph as if fully restated herein.

43.    Citibank's failure to take prompt action to protect Eamtrakul's account resulted in overdrafts which caused distress, embarrassment and incalculable damage to the personal and business reputation of Eamtrakul and PBLLC.

44.    The overdrafts caused by Citibank's negligence resulted in overdraft fees in the amount of $900.00 which were charged to Plaintiffs.

45.    The damage to Plaintiffs' credit standing can only be ameliorated by the issuance of an apology to Plaintiff Eamtrakul and by the issuance by the Bank of a report to all credit reporting agencies explaining the circumstances surrounding the overcharges and dishonored checks associated with the Account.

46.    The damage to Plaintiffs' credit standing damaged Plaintiffs severely and as a result of the wanton conduct of the Bank punitive damages in the amount of One Million Dollars should be awarded.

WHEREFORE, Plaintiffs DOUNGRAT EAMTRAKUL and PREMIER BROWNSTONES LLC demand judgment against Defendants CITIBANK N.A. for the sum of

{N0115747 3 }                                          8

$33,527.65, plus interest, costs and disbursements, plus punitive damages in an amount that the

Court shall determine as appropriate.

Dated: July 21, 2016
       New York, NY

                                    BECKER & POLIAKOFF, LLP
                                    *Attorneys for Plaintiffs*

                                    By: _____
                                         James J. Mahon
                                         45 Broadway, 8th Floor
                                         New York, NY 10006
                                         Tel (212) 599-3322
                                         JMahon@bplegal.com

## VERIFICATION

STATE OF NEW YORK        )
COUNTY OF NEW YORK       ) ss:

DOUNGRAT EAMTRAKUL, being duly sworn, deposes and says:

I am the owner of Premier Brownstones LLC ("PB") and an individual residing in New York, New York and together we are the Plaintiffs in this action. I have read the foregoing Verified Complaint and I know the contents thereof, and the same are true to my own knowledge except those matters which are stated to be upon information and belief, and as to those matters I believe them to be true. The bases for my belief include records and other documents which were prepared or obtained by me or those in my employ and are maintained at my Premier Brownstones office in New York in the regular and ordinary course of its business.

I affirm the foregoing under the penalties of perjury.

Doungrat Eamtrakul

Sworn to before me this
1st day of June, 2016

Notary Public

{N0105062 }

FILED: NEW YORK COUNTY CLERK 07/22/2016 04:33 PM

NYSCEF DOC. NO. 2

INDEX NO. 653962/2016

RECEIVED NYSCEF: 07/22/2016

# EXHIBIT 1

# citibank
## PREMIER BROWNSTONES LLC

Account  4984574493
Statement Period: Jul 26 - Aug 26, 2015
Page 7 of 10

Note: Imaged checks can be used as evidence of payment. Imaged checks appear in numeric order. Non-numbered checks will appear first. Non-check items will appear last.

Check images for account # 4984574493



Ck Date: 07/30/2016 Ck No: 755 Amt: $650.00

Ck Date: 08/17/2015 Ck No: 756 Amt: $5000.00

Ck Date: 07/27/2015 Ck No: 760 Amt: $230.49

Ck Date: 07/28/2015 Ck No: 761 Amt: $1265.00

Ck Date: 08/11/2015 Ck No: 761 Amt: $2000.00

Ck Date: 07/27/2015 Ck No: 782 Amt: $8000.00

Ck Date: 08/12/2015 Ck No: 762 Amt: $900.50

Ck Date: 07/29/2015 Ck No: 763 Amt: $5000.00

Ck Date: 08/12/2015 Ck No: 763 Amt: $1000.00

Ck Date: 08/04/2015 Ck No: 764 Amt: $8160.00

PREMIER BROWNSTONES LLC

Account   4984574493        Page 8 of 16
Statement Period: Jul 25 - Aug 26, 2015                    001/R1/21F000



Ck Date: 08/17/2015 Ck No: 756 Amt: $5000.00

Ck Date: 07/30/2015 Ck No: 758 Amt: $850.00

Ck Date: 07/26/2015 Ck No: 761 Amt: $1265.00

Ck Date: 07/27/2015 Ck No: 760 Amt: $230.49

Ck Date: 07/27/2015 Ck No: 762 Amt: $6000.00

Ck Date: 08/11/2015 Ck No: 761 Amt: $2000.00

Ck Date: 07/29/2015 Ck No: 763 Amt: $5000.00

Ck Date: 08/12/2015 Ck No: 762 Amt: $900.50

Ck Date: 06/04/2015 Ck No: 764 Amt: $8160.00

Ck Date: 08/12/2015 Ck No: 763 Amt: $1000.00

FILED: NEW YORK COUNTY CLERK 07/22/2016 04:33 PM

NYSCEF DOC. NO. 3

INDEX NO. 653962/2016

RECEIVED NYSCEF: 07/22/2016

# EXHIBIT 2

# citibank

## PREMIER BROWNSTONES LLC

**CitiBusiness®**

Note: Imaged checks can be used as evidence of payment. Imaged checks appear in numeric order. Non-numbered checks will appear first. Non-check Items will appear last.

Check images for account # 4984574493



Ck Date: 09/09/2015 Ck No: 405 Amt: $3250.00



Ck Date: 09/09/2015 Ck No: 757 Amt: $100.00



Ck Date: 08/27/2015 Ck No: 763 Amt: $619.00



Ck Date: 08/27/2015 Ck No: 764 Amt: $783.13



Ck Date: 08/27/2015 Ck No: 766 Amt: $2400.00



Ck Date: 09/01/2015 Ck No: 783 Amt: $1875.50



Ck Date: 09/01/2015 Ck No: 784 Amt: $1250.75



Ck Date: 08/27/2015 Ck No: 792 Amt: $1450.00



Ck Date: 08/27/2015 Ck No: 793 Amt: $1450.00



Ck Date: 08/27/2015 Ck No: 794 Amt: $990.00

PREMIER BROWNSTONES LLC



Ck Date: 09/09/2015 Ck No: 757 Amt: $100.00    Ck Date: 09/09/2015 Ck No: 405 Amt: $3250.00

Ck Date: 08/27/2015 Ck No: 764 Amt: $783.13    Ck Date: 08/27/2015 Ck No: 763 Amt: $519.00

Ck Date: 09/01/2015 Ck No: 783 Amt: $1875.50   Ck Date: 08/27/2015 Ck No: 766 Amt: $2400.00

Ck Date: 08/27/2015 Ck No: 792 Amt: $1450.00   Ck Date: 09/01/2015 Ck No: 784 Amt: $1250.75

Ck Date: 08/27/2015 Ck No: 794 Amt: $990.00    Ck Date: 08/27/2015 Ck No: 793 Amt: $1450.00

# citibank®
## PREMIER BROWNSTONES LLC

**CitiBusiness®**

Account  4984574493
Statement Period: Aug 27 - Sep 25, 2015
Page 9 of 20

Note: Imaged checks can be used as evidence of payment. Imaged checks appear in numeric order. Non-numbered checks will appear first. Non-check items will appear last.

### Check Images for account # 4984574493



Ck Date: 08/27/2015 Ck No: 795 Amt: $990.00

Ck Date: 08/27/2015 Ck No: 796 Amt: $990.00

Ck Date: 09/01/2015 Ck No: 799 Amt: $112.66

Ck Date: 08/27/2015 Ck No: 800 Amt: $760.20

Ck Date: 08/27/2015 Ck No: 801 Amt: $940.20

Ck Date: 08/27/2015 Ck No: 802 Amt: $642.20

Ck Date: 08/27/2015 Ck No: 803 Amt: $800.00

Ck Date: 08/27/2015 Ck No: 804 Amt: $800.10

Ck Date: 08/27/2015 Ck No: 805 Amt: $800.29

Ck Date: 08/27/2015 Ck No: 806 Amt: $800.87

PREMIER BROWNSTONES LLC

Account  4984574493          Page 10 of 20
Statement Period:  Aug 27 - Sep 25, 2015

001/R1/401F000



Ck Date: 08/27/2015 Ck No: 796 Amt: $990.00

Ck Date: 08/27/2015 Ck No: 795 Amt: $990.00

Ck Date: 08/27/2015 Ck No: 800 Amt: $760.20

Ck Date: 09/01/2015 Ck No: 799 Amt: $112.66

Ck Date: 08/27/2015 Ck No: 802 Amt: $642.20

Ck Date: 08/27/2015 Ck No: 801 Amt: $940.20

Ck Date: 08/27/2015 Ck No: 804 Amt: $800.10

Ck Date: 08/27/2015 Ck No: 803 Amt: $800.00

Ck Date: 08/27/2015 Ck No: 806 Amt: $800.87

Ck Date: 08/27/2015 Ck No: 805 Amt: $800.29

# citibank®
## PREMIER BROWNSTONES LLC

**CitiBusiness®**

Account 4984574493          Page 11 of 20
Statement Period: Aug 27 - Sep 25, 2015

Note: Imaged checks can be used as evidence of payment. Imaged checks appear in numeric order. Non-numbered checks will appear first. Non-check items will appear last.

### Check Images for account # 4984574493



Ck Date: 08/27/2015 Ck No: 807 Amt: $465.20

Ck Date: 08/27/2015 Ck No: 808 Amt: $900.56

Ck Date: 08/27/2015 Ck No: 809 Amt: $925.10

Ck Date: 09/04/2015 Ck No: 810 Amt: $500.00

Ck Date: 08/27/2015 Ck No: 814 Amt: $927.16

Ck Date: 08/27/2015 Ck No: 815 Amt: $1017.28

Ck Date: 09/02/2015 Ck No: 830 Amt: $8160.00

Ck Date: 09/10/2015 Ck No: 832 Amt: $9074.79

Ck Date: 09/10/2015 Ck No: 834 Amt: $1275.30

Ck Date: 09/01/2015 Ck No: 837 Amt: $799.00

PREMIER BROWNSTONES LLC

Account  4984574493          Page 12 of 20
Statement Period:  Aug 27 - Sep 25, 2015          001/R1/21F000



Ck Date: 08/27/2015 Ck No: 808 Amt: $900.56

Ck Date: 08/27/2015 Ck No: 807 Amt: $465.20

Ck Date: 09/04/2015 Ck No: 810 Amt: $500.00

Ck Date: 08/27/2015 Ck No: 809 Amt: $925.10

Ck Date: 08/27/2015 Ck No: 815 Amt: $1017.28

Ck Date: 08/27/2015 Ck No: 814 Amt: $927.18

Ck Date: 09/10/2015 Ck No: 832 Amt: $9074.78

Ck Date: 09/02/2015 Ck No: 830 Amt: $8160.00

Ck Date: 09/01/2015 Ck No: 837 Amt: $799.00

Ck Date: 09/10/2015 Ck No: 834 Amt: $1275.30

# citibank

**PREMIER BROWNSTONES LLC**

**CitiBusiness®**

Account   4984574493
Statement Period:  Jul 25 - Aug 26, 2015

Page 7 of 16

Note: Imaged checks can be used as evidence of payment. Imaged checks appear in numeric order. Non-numbered checks will appear first. Non-check items will appear last.

Check images for account # 4984574493



Ck Date: 07/30/2015 Ck No: 755 Amt: $850.00

Ck Date: 08/17/2015 Ck No: 756 Amt: $5000.00

Ck Date: 07/27/2015 Ck No: 760 Amt: $230.49

Ck Date: 07/28/2015 Ck No: 761 Amt: $1265.00

Ck Date: 08/11/2015 Ck No: 761 Amt: $2000.00

Ck Date: 07/27/2015 Ck No: 762 Amt: $6000.00

Ck Date: 08/12/2015 Ck No: 762 Amt: $900.50

Ck Date: 07/29/2015 Ck No: 763 Amt: $5000.00

Ck Date: 08/12/2015 Ck No: 763 Amt: $1000.00

Ck Date: 08/04/2015 Ck No: 764 Amt: $8160.00

PREMIER BROWNSTONES LLC



Ck Date: 08/17/2015 Ck No: 756 Amt: $5000.00

Ck Date: 07/30/2015 Ck No: 755 Amt: $650.00

Ck Date: 07/28/2015 Ck No: 761 Amt: $1265.00

Ck Date: 07/27/2015 Ck No: 760 Amt: $230.49

Ck Date: 07/27/2015 Ck No: 762 Amt: $6000.00

Ck Date: 08/11/2015 Ck No: 761 Amt: $2000.00

Ck Date: 07/29/2015 Ck No: 763 Amt: $5000.00

Ck Date: 08/12/2015 Ck No: 762 Amt: $900.50

Ck Date: 08/04/2015 Ck No: 764 Amt: $8160.00

Ck Date: 08/12/2015 Ck No: 763 Amt: $1000.00

FILED: NEW YORK COUNTY CLERK 07/22/2016 04:33 PM
NYSCEF DOC. NO. 4

INDEX NO. 653962/2016
RECEIVED NYSCEF: 07/22/2016

# EXHIBIT 3

CitiBusiness™

: Imaged checks appear in numeric order. Non-numbered

4984574493



Ck Date: 08/11/2015 Ck No: 802 Amt: $400.00

Ck Date: 08/13/2015 Ck No: 804 Amt: $135.00

Ck Date: 08/17/2015 Ck No: 807 Amt: $1230.00

Ck Date: 08/18/2015 Ck No: 811 Amt: $942.00

Ck Date: 08/14/2015 Ck No: 813 Amt: $423.75